# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| L.C., by and through her next friend<br>TRACEY K. | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 4:15-CV-544<br>Judge Mazzant |
| LEWISVILLE INDEPENDENT<br>SCHOOL DISTRICT | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Lewisville Independent School District's Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Dkt. #11). After reviewing the relevant pleadings, the Court finds that Defendant's motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff Lauren C. ("L.C.") is a twenty-one year-old student with disabilities who lives with her mother, Tracey K., in Lewisville, Texas (Dkt. #10 at ¶ 3). She attends school in the Lewisville Independent School District ("LISD") in Lewisville, Texas (Dkt. #10 at ¶ 3). LISD is the resident school district for L.C., and it is responsible for providing her with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* (the "IDEA").

On August 21, 2014, L.C. requested a due process hearing under the IDEA (Dkt. #10 at ¶ 5). In her request, L.C. complained of Defendant's failure to comply with its obligations under the IDEA to identify and address all of her multiple disabilities and to create an Individualized Education Program ("IEP") which took each of those disabilities into account (Dkt. #10 at ¶ 5). Following the completion of the due process hearing, on June 22, 2015, the Special Education

1

Hearing Officer (the "SEHO") issued his decision finding that LISD failed to identify autism as one of L.C.'s "primary disabilities." (Dkt. #10 at ¶¶ 8,10).

Relying on this finding, L.C. filed her original Complaint (the "Original Complaint") against LISD on July 21, 2015, asserting that she is a prevailing party and entitled to attorneys' fees (Dkt. #1 at ¶¶ 9,12). L.C.'s Original Complaint, however, did not argue that the SEHO erred in rendering his decision; instead the Original Complaint focused on L.C.'s status as a prevailing party and her request for attorneys' fees. (Dkt. #1).

On September 18, 2015, LISD filed its Answer and Counterclaim, which included an appeal of portions of the SEHO's decision as contrary to law and the evidence (Dkt. #9). L.C. subsequently filed her First Amended Complaint and Answer to Counterclaim on October 9, 2015, wherein she asserted for the first time that the SEHO erred in finding that LISD's Full Individual Evaluation ("FIE") was appropriate, and in finding that LISD provided L.C. with a free appropriate public education ("FAPE") (Dkt. #10 at ¶ 19).

On October 23, 2015, LISD filed its Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Dkt. #11). On November 6, 2015, L.C. filed her response (Dkt. #14). On November 13, 2015, LISD filed its reply (Dkt. #15).

## LEGAL STANDARD

Defendant also moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement…showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claim must include enough factual

allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for

3

enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

**ANALYSIS**

The parties agree that the sole issue before the Court is whether L.C.'s challenge of the SEHO's decision is time-barred (Dkts. #11 at p. 1, #14 at p. 3). The parties agree that "[u]nder the IDEA, any party aggrieved by a SEHO's decision in a due process hearing has the right to bring a civil action in a United States federal district court." (Dkt. #11 at p. 3 (citing 20 U.S.C. § 1415(i)(2)(A))). "Such an action must be filed no later than '90 days from the date of the decision of the [SEHO].'" (Dkt. #11 at p. 3 (citing 20 U.S.C. § 1415(i)(2)(B))).

The only cause of action asserted by L.C. in her Original Complaint is her request for "attorneys' fees as a prevailing party in the administrative litigation referenced and described in this Complaint" (Dkt. #1 at ¶ 22). In its Answer and Counterclaim, LISD asserts that the SEHO erred in making several determinations and requests that the Court "reverse the portions of the SEHO's decision challenged by LISD as legally and factually erroneous and unsupported by a preponderance of evidence" (Dkt. #9 at p. 12). Then, in her First Amended Complaint and Answer to Counterclaim L.C. states that

> Defendant Lewisville Independent School District has filed an Answer and
> Counterclaim in this matter, suggesting that the Hearing Officer's ruling contains

> inconsistencies, including with regard to the ruling concerning the Full Individual Evaluation ("FIE"). Plaintiff hereby alleges that the Hearing Officer erred in deeming the Full Individual Evaluation appropriate, in determining that Defendant provided Plaintiff with a Free and Appropriate Public Education, and in making any other determination inconsistent with the finding that Defendant had not properly identified or addressed Plaintiff's disability of autism.

(Dkt. #10 at ¶ 19). However, the "Causes of Action" section of her First Amended Complaint remained unaltered and only asserts L.C.'s request for attorneys' fees as a prevailing party (Dkt. #10 at ¶¶ 20-21). L.C.'s discussion of LISD's Answer and Counterclaim as the impetus for her challenge to the SEHO's decision suggests that her amendment is a defense to LISD's counterclaim. Additionally, the fact that an appeal was not listed as a cause of action suggests that L.C.'s challenge of the administrative decision is a defense to LISD's counterclaim and not an attempt to assert an appeal.

However, in the "Prayer for Relief Section" of L.C.'s First Amended Complaint she asks that the Court "[r]everse the Hearing Officer's determination that Defendant's Full Individual Evaluation was appropriate and that Defendant provided Plaintiff a Free and Appropriate Public Education" (Dkt. #10 at p. 5). This request for relief appears to be an appeal, especially due to the fact that it is not included in her "Answer to Counterclaim" section. Additionally, the parties' argument in the pleadings concerning LISD's Motion for Partial Dismissal focuses on the standards applicable to whether an amendment relates back to an earlier complaint, which would only be relevant if L.C.'s amendment is considered an appeal. Therefore, the Court finds it necessary to address L.C.'s challenge of the SEHO's decision both as an appeal and as a defense to LISD's counterclaim.

### *L.C.'s Challenge of the SEHO's Decision as an Appeal*

LISD argues that because L.C. filed her First Amended Complaint more than 90 days after the SEHO rendered his decision on June 22, 2015, it is an untimely appeal which is time-

5

barred. (Dkt. #11 at p. 2).[1]  L.C. argues that because her "amended request for relief unquestionably relates back to her original pleading," her challenge is timely (Dkt. #14 at p. 3).

To relate back, L.C.'s appeal must have arisen out of the "conduct, transaction, or occurrence set forth" in her Original Complaint. FED. R. CIV. P. 15(c)(2). L.C.'s First Amended Complaint "will not relate back if it asserts new or distinct conduct, transactions, or occurrences as the basis for relief." *McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 863 (5th Cir. 1993) (citing *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985)). "In determining if an amended complaint relates back, this Court regards as 'critical' whether the opposing party was put on notice regarding the claim raised therein." *Holmes*, 757 F.2d at 1566. While the Court "applies Rule 15(c) liberally rather than restrictively . . . liberal application cannot cure a failure of the amended complaint to meet the requirement of the rule." *Id.* (citation omitted).

L.C. notes that in her Original Complaint she "made clear that she was petitioning this Court for reasonable attorneys' fees on the basis of the [SEHO's] ruling in her favor" (Dkt. #14 at p. 3). LISD asserts that "[L.C.'s] appeal of the SEHO's decision does not relate back because the claim asserted—the appeal of the SEHO's decision—did not arise from the same 'conduct, transaction, or occurrence' set forth in Plaintiff's [O]riginal Complaint—the request for prevailing party status." (Dkt. #15 at pp. 1-2 (citing FED. R. CIV. P. 15(c); *Holmes*, 757 F.2d at 1566; *McGregor*, 3 F.3d at 864). LISD asserts that "[L.C.'s] appeal of the SEHO's decision is separate and distinct from [L.C.'s] request for prevailing party status." (Dkt. #15 at p. 3).[2] LISD

---

[1] LISD states that although a counterclaim would not be subject to the statute of limitations at issue, L.C.'s appeal is not a counterclaim (Dkt. #11 at p. 3). However, L.C. does not assert that her challenge of the SEHO's decision is a counterclaim. Therefore, the Court does not find that it is necessary to address this argument.

[2] Also in support of this contention, LISD points out that "a recent decision by the Fifth Circuit recognizes that a request for attorney's fees as the prevailing party and an appeal of the SEHO's decision are two separate causes of action." (Dkt. #15 at p. 3 (citing *D.G. v. New Caney Indep. Sch. Dist.*, No. 1520079, 2015 WL 6989665, at *5 (5th Cir. Nov. 10, 2015)).

6

states that "[w]hile Plaintiff's claim to prevailing party status focuses on how the SEHO's decision alters the legal relationship between [LISD] and L.C., an appeal of the SEHO's decision focuses on the District's alleged non-compliance with the IDEA." (Dkt. #11 at pp. 5-6).

The Court agrees with LISD that the case at hand is similar to the situation in *Holmes*. In *Holmes*, "the original complaint focused on setting aside an arbitration award, whereas the amended complaint focused on allegations regarding a breach of the defendant's duties." (Dkt. #11 at p. 5 (citing *Holmes*, 757 F.2d at 1566)). The *Holmes* court determined that the original complaint required proof of the arbitrator's wrongdoing, while the amended complaint required proof of a different party's wrongdoing. 757 F.2d at 1566. The same distinction exists in the current case. L.C.'s Original Complaint concerned the wrongdoings of LISD and her amendment is primarily concerned with the SEHO's errors.[3] This distinction weighs in favor of a finding that the amendment does not relate back to L.C.'s Original Complaint.

L.C. points out that the Original Complaint further requested "such other and further relief as may be just and proper." (Dkt. #14 at p. 3). However, LISD argues that this was not sufficient to put LISD "on notice that an appeal of the SEHO's decision is imminent" (Dkt. #15 at p. 2). The Court agrees that L.C.'s statement that she requested "such other relied as may be just and proper" did not put LISD on notice that L.C.'s intended to appeal the SEHO's decision.

---

[3] This case is also similar to *McGregor*, in which the Fifth Circuit addressed whether a due process claim was barred by the relevant statute of limitations. 3 F.3d at 863. The original complaint asserted that the plaintiff was an otherwise qualified individual who was denied the benefits of a law school program because of his handicap. *Id.* at 854. However, the plaintiff's due process claim which he asserted in his amended complaint was barred by the statute of limitations if the court held that the plaintiff's amendment did not relate back to his original complaint. *Id.* at 863. The Fifth Circuit found that while "[t]he original complaint may suggest that McGregor was not satisfied with the Law Center's decisions . . . it does not plead, even when liberally construed, that the Law Center's decision-making process was inadequate under the Fourteenth Amendment Due Process Clause." *Id.* at 864. Thus, "McGregor's amendment attempted to add a new legal theory unsupported by factual claims raised in the original complaint." *Id.* The amended pleadings in the current case are even more unsupported than those in *McGregor*. In McGregor's original complaint he suggested he was unhappy with the decision that he later challenged on due process grounds, but in L.C.'s Original Complaint she appeared satisfied with the result that she is now seeking to challenge. The fact that L.C.'s Original Complaint did not put LISD on notice of her intent to challenge the SEHO's decision weighs in favor of a finding that the amendment does not relate back to L.C.'s Original Complaint.

L.C. also notes that LISD is alleging that the SEHO's decision was erroneous, which suggests that LISD was "on notice" (Dkt. #14 at pp. 3-4). However, the Court agrees with LISD's assertion that "[t]he fact that Lewisville ISD appealed the SEHO's rulings does not somehow grant the District the ability to divine Plaintiff's intent[.]" (Dkt. #15 at p. 2). "The test is whether the *original complaint* apprised" LISD of the claims set forth in the amendment. *McGregor*, 3 F.3d at 864 (emphasis added). Therefore, the fact that LISD alleges that the SEHO's decision was erroneous does not suggest that LISD was "on notice" of L.C.'s intent to challenge the SEHO's decision. Therefore, to the extent that L.C. is challenging the SEHO's decision as an appeal that relates back to her initial complaint, the appeal is time-barred and cannot be raised.

*L.C.'s Challenge of the SEHO's Decision as a Defense*

L.C. argues that "she based [her] amendment on the fact that Defendant based its defense and counterclaim at least partly on such alleged inconsistencies." (Dkt. #14 at p. 4). L.C. states that "[w]ithout the amendment, Plaintiff lacks the full array of counters to Defendant's challenge." (Dkt. #14 at p. 4). Therefore, L.C. maintains that

> [b]y challenging Plaintiff's request for relief based on perceived inconsistencies in the [SEHO's] decision, Defendant effectively declares that Plaintiff should not prevail, if this Court deems appropriate the [SEHO's] rulings in favor of Defendant. Defendant thus not only has notice, but itself affirmatively announces, that Plaintiff must challenge the [SEHO]'s adverse rulings to provide a full measure of support for her own request for reasonable attorneys' fees.

(Dkt. #14 at p. 4). L.C. appears to be combining the notice requirement that would be applicable to her ability to amend her claims against LISD, with her ability to raise a defense against LISD's counterclaims. While L.C.'s challenge of the SEHO's decision may not be considered an appeal on her own behalf, it can be considered a defense to LISD's assertion that the SEHO's decision was inconsistent.

Since LISD has raised a counterclaim that the ruling on the administrative level was erroneous, L.C. may respond and defend against this claim. *See S.F. v. McKinney Indep. Sch. Dist.*, No. 4:10-CV-323-RAS-DDB, 2012 WL 718589, at *16 (E.D. Tex. Mar. 6, 2012), *report and recommendation adopted*, No. 4:10-CV-323-RAS-DDB, 2012 WL 1081064 (E.D. Tex. Mar. 30, 2012) (finding in a case that was both "a suit by Plaintiffs to recover attorneys' fees and an appeal by Defendant of the Special Education Hearing Officer's administrative decision" that the district court's findings were "in accord with the Special Education Hearing Officer's findings at the administrative level[.]"). The Fifth Circuit has made clear that a defendant's counterclaim that the SEHO's decision was erroneous is "properly characterized as an original 'civil action,' not an 'appeal,' and is therefore governed by the Federal Rules of Civil Procedure." *Ruben A. v. El Paso Indep. Sch. Dist.*, 414 F. App'x 704, 706 (5th Cir. 2011). Therefore, L.C. had 21 days to answer after being served the counterclaim. FED. R. CIV. P. 12(a)(1)(B).

In most cases similarly styled, the plaintiff seeks to uphold the decision upon which they are seeking prevailing party status. In fact, the Court was unable to locate a case in which a defendant challenged the administrative decision in its counterclaim and the plaintiff's defense was that although the administrative decision, although incorrect, was incorrect for reasons other than what the defendant argues. However, the Court finds no reason to bar L.C. from raising such a defense once the correctness of the administrative decision has been properly raised by LISD.

## CONCLUSION

It is therefore **ORDERED** that LISD's Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Dkt. #11) is hereby **GRANTED IN PART** and L.C.'s request that the Court "[r]everse the Hearing Officer's determination that Defendant's Full Individual Evaluation

was appropriate and that Defendant provided Plaintiff a Free and Appropriate Public Education" is **DISMISSED**.

It is further **ORDERED** that L.C.'s challenge of the SEHO's decision may proceed as a defense to LISD's counterclaim and not as an appeal that is timely as a result of her First Amended Complaint's relation back to her Original Complaint.

**SIGNED this 27th day of May, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE