# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| L.C., by and through her next friend TRACEY K. | § § § | |
| v. | § § | CASE NO. 4:15-CV-544<br>Judge Mazzant |
| LEWISVILLE INDEPENDENT SCHOOL DISTRICT | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Admission of New Evidence (Dkt. #19). After reviewing the relevant pleadings, the Court finds that Plaintiff's motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff Lauren C. ("L.C.") is a twenty-one year-old student with disabilities who lives with her mother, Tracey K., in Lewisville, Texas (Dkt. #10 at ¶ 3). She attends school in the Lewisville Independent School District ("LISD") in Lewisville, Texas (Dkt. #10 at ¶ 3). LISD is the resident school district for L.C., and it is responsible for providing her with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* (the "IDEA").

On August 21, 2014, L.C. requested a due process hearing under the IDEA (Dkt. #10 at ¶ 5). In her request, L.C. complained of Defendant's failure to comply with its obligations under the IDEA to identify and address all of her multiple disabilities and to create an Individualized Education Program ("IEP") which took each of those disabilities into account (Dkt. #10 at ¶ 5).

In presenting her evidence regarding her eligibility as an individual with the disability of autism, L.C. sought to introduce the evaluation of an expert, Dr. Denise McCallon ("Dr.

1

McCallon") (the "Evaluation") (Dkt. #19 at p. 1). L.C. maintains that because the Evaluation was inadvertently omitted from her disclosures, the Special Education Hearing Officer (the "SEHO") ruled that it was inadmissible evidence and that Dr. McCallon could not testify about any observations of L.C. reported in the Evaluation (Dkt. #19 at p. 2). Following the completion of the due process hearing, on June 22, 2015, the SEHO issued his decision (the "Decision") finding that LISD failed to identify autism as one of L.C.'s "primary disabilities." (Dkt. #10 at ¶¶ 8, 10).

On September 4, 2015, at an Admission, Review & Dismissal Committee (the "ARD Committee") meeting, LISD reviewed the Evaluation with members of the ARD Committee (Dkt. #19 at p. 2). L.C. attached the Evaluation to her motion (Dkt. #19-1), and she attached documentation regarding this ARD Committee meeting that demonstrates that the ARD Committee reviewed the Evaluation (the "ARD Documentation") (Dkt. #19-2). L.C. maintains that "[d]espite having reviewed the Evaluation and having become aware of the Decision, the LISD members of the ARD Committee unanimously rejected the relevant findings of both the Evaluation and the Decision." (Dkt. #19 at p. 2). Therefore, L.C. requests that the Court admit both the Evaluation and the ARD Documentation as new evidence in this matter (Dkt. #19 at p. 2).

On February 12, 2016, L.C. filed Plaintiff's Motion for Admission of New Evidence (Dkt. #19). On February 26, 2016, LISD filed its response (Dkt. #20).

**LEGAL STANDARD**

Although the role of the judiciary under the IDEA is limited, and the choice of educational policies and methods is in the hands of state and local school officials, "a federal district court's review of a special education hearing officer's decision in a due process hearing

is virtually *de novo*." *S.H. ex rel. A.H. v. Plano Indep. Sch. Dist.*, 487 Fed. App'x. 850, 855–856 (5th Cir. 2012) (citation omitted). While the district court must give "due weight" to the hearing officer's decision, it must reach an independent decision based on a preponderance of the evidence before it. *Klein Indep. Sch. Dist. v. Hovem*, 690 F.3d 390, 394 (5th Cir. 2012); *Houston Indep. Sch. Dist. v. V.P. ex rel. Juan P.*, 582 F.3d 576, 583 (5th Cir. 2009); *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000) ("*Bobby R.*"); *Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997) ("*Michael F.*"); *Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993); *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 206 (1982). The Court's task, therefore, is not to second guess a school district's decisions or impose its own plans for the education of disabled students; rather, it is the narrow one of determining whether a school district complied with the IDEA. *White ex. Rel. White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 377 (5th Cir. 2003) (citation omitted).

As to what evidence the Court is to consider, the statutory framework of the IDEA provides:

> In any action brought under this paragraph, the court—
> (i) shall receive the records of the administrative proceedings;
> (ii) **shall hear additional evidence at the request of a party**; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C.A. § 1415(i)(2)(C) (emphasis added).

The plain statutory language of the IDEA directs courts to "hear additional evidence at the request of a party," and Fifth Circuit opinions are clear that additional evidence should be considered as part of a district court's *de novo* review of a special education hearing officer's decisions under the IDEA. *Alvin Indep. Sch. Dist. v. A.D. ex rel. Patricia F.*, 503 F.3d 378, 382–

383 (5th Cir. 2007) (citing *Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993) ("the hearing officer's findings are not conclusive and the district court may take additional evidence and reach an independent conclusion based upon the preponderance of the evidence.")). Thus, in addressing a claim under the IDEA, a district court "is to receive the administrative record, hear additional evidence at the request of any party, and grant such relief as it deems appropriate." *D.G. v. Flour Bluff Indep. Sch. Dist.*, 481 Fed. App'x. 887, 891 (5th Cir. 2012). As our sister court in the Western District of Texas has noted "Fifth Circuit opinions use language suggesting district courts have little discretion to reject additional evidence." *Caldwell Indep. Sch. Dist. v. L.P.*, 994 F. Supp. 2d 811, 816 (W.D. Tex. 2012), *aff'd sub nom. Caldwell Indep. Sch. Dist. v. Joe P. ex rel. L.P.*, 551 F. App'x 140 (5th Cir. 2014) (citing *Bobby R.*, 200 F.3d at 347 ("[The district court] must receive the record of the administrative proceedings and is then *required* to take additional evidence at the request of any party.")) (emphasis added).

"However, the Fifth Circuit has yet to directly address how 'additional evidence' is defined in this Circuit." *T.C. v. Lewisville Indep. Sch. Dist.*, No. 4:13CV186, 2015 WL 178979, at *2 (E.D. Tex. Jan. 14, 2015). As our sister court in the Southern District of Texas has explained:

> The Fifth Circuit has yet to consider IDEA's additional evidence language; however, our sister courts have followed the majority of circuits by applying the *Town of Burlington* standard to determine what constitutes permissible "additional evidence." The general consensus is that IDEA's additional evidence provision is limited, and the decision of whether to allow additional evidence is within the discretion of the district court. This authority is necessary to protect the role of the administrative hearing as the primary forum in which to resolve disputes regarding IEPs-to avoid turning the administrative hearing into a mere dress rehearsal followed by an unrestricted trial de novo in the district court. If parties could always introduce additional evidence in the district court to patch up holes in their administrative case, administrative proceedings would [no] longer receive due weight. Courts should limit or disallow testimony for all who did, or could have testified before the administrative hearing. In the absence of special circumstances, courts should ordinarily exercise [their] discretion in favor of

4

excluding the belatedly offered evidence.

*D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 616 (S.D. Tex. 2009), *aff'd sub nom. D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450 (5th Cir. 2010) (internal quotations and citations omitted). Decisions from the Eastern District have also held that "[a]lthough the *Burlington* court declined to adopt a rigid rule precluding the testimony of all who did, or could have, testified at the administrative hearing, it noted that exclusion would be the proper result in the majority of the cases[.]" *S.H. ex rel A.H. v. Plano Indep. Sch. Dist.*, No. 4:08-CV-96, 2009 WL 500180, at *2 (E.D. Tex. Feb. 27, 2009) (citing *Marc V. v. N. E. Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 586 (W.D. Tex. 2006) ("*Marc V.*"), *aff'd sub nom. Marc V ex rel. Eugene V v. N. E. Indep. Sch. Dist.*, 242 F. App'x 271 (5th Cir. 2007)).

## ANALYSIS

*The ARD Documentation*

L.C. argues that the ARD Documentation was not available in any sense at the time of the administrative hearing, because the ARD Committee meeting giving rise to the ARD Documentation took place in September of 2015, several months after the hearing took place (Dkt. #19 at p. 3). L.C. asserts that the ARD Documentation is necessary because it demonstrates, "the continuation of a consistent theme uncovered by Plaintiff's allegations to the effect that Defendant LISD staff consistently and unanimously make decisions in the interest of LISD's institutional interests rather than in the interest of L.C. and as the evidence dictates." (Dkt. #19 at p. 3).

LISD argues that L.C.'s contention that the ARD Documentation should be admitted because it demonstrates a "theme" of LISD acting in its own interest is not related to L.C.'s request for prevailing party status, or its dispute concerning the correctness of the SEHO's

5

decision (Dkt. #20 at p. 6). LISD asserts that "[L.C.] has not identified how this document is relevant to any issue pending before the Court presumably because Plaintiff cannot do so; rather, Plaintiff is seeking the admission of the ARD [D]ocumentation for one reason—because without it, Plaintiff has no basis to request that the Court admit [the Evaluation.]" (Dkt. #20 at p. 6).

However, LISD states that it "does not oppose the admission of the ARD [D]ocumentation standing alone, as it was not available at the time of the underlying due process proceeding." (Dkt. #20 at p. 5). LISD further explains that "[w]hether the ARD [D]ocumentation standing alone bears any relevance to the current proceeding remains to be seen, but [LISD] is ultimately not prejudiced by its admission." (Dkt. #20 at pp. 5-6). Thus, the Court finds it unnecessary to address the relevancy of the ARD Documentation at this time. Therefore, the Court finds that the ARD Documentation is admissible new evidence.[1]

*The Evaluation*

L.C. explains that the Evaluation was available at the time of the hearing, since Plaintiff had it in her possession and provided it to counsel for LISD (Dkt. #19 at p. 3). However, it was deemed inadmissible because it was inadvertently omitted from L.C.'s disclosures, and therefore not disclosed to LISD until after the deadline for disclosures for the administrative due process proceedings (Dkt. 19 at p. 3). L.C. argues that LISD put the Evaluation before the ARD Committee, and that LISD has expressly and formally disagreed with the findings in the Evaluation (Dkt. #19 at p. 3 (citing Dkt. #19-2)). Therefore, L.C. maintains that since the ARD

---

[1] L.C. also states that "[w]hile reserving the right to object to its admission as new evidence, LISD has itself suggested the value of admitting [the ARD Documentation] as evidence." (Dkt. #19 at p. 3 (citing Dkt. #19-3)). However, LISD maintains that L.C. did not include the entire email exchange for the Court's review, and that LISD actually stated that it would be opposed to admitting the ARD Documentation if it included the Evaluation (Dkt. #20 at pp. 6-7 (citing Dkt. #20-1)). The Court agrees that the complete email exchange demonstrates that LISD expressly stated that it only wanted to include the ARD Documentation if it did not include the Evaluation. *See* Dkt. #20-1. Therefore, since the Court has already found that the ARD Documentation should be admitted, the Court finds it unnecessary to address this argument with regards to the ARD Documentation; and the Court finds that this argument is irrelevant in regards to the admissibility of the Evaluation.

6

Documentation is substantive new evidence appropriate for consideration in this matter, and because the ARD Documentation incorporates and depends on the Evaluation for significance; both exhibits should be admitted (Dkt. #19 at p. 3).[2]

LISD asserts that "[a]dmitting the [E]valuation into evidence at this stage in the proceeding not only prejudices [LISD], but it creates a failsafe for parties that do not follow the evidentiary rules—whether intentionally or unintentionally—and that certainly is not the purpose of section 1415." (Dkt. #20 at p. 5). LISD argues further that even though it appears that L.C. is now attempting to have the Evaluation admitted as "new evidence," this is nothing more than L.C. attempting, "to bootstrap [the Evaluation] to the subsequent ARD [Documentation] in an attempt to circumvent the rules regarding the disclosure of evidence and an attempt to avoid the relevant case law clarifying the scope of additional evidence." (Dkt. #20 at p. 4). LISD maintains that "[t]his certainly is not the 'solid justification' needed [] in order to admit the evaluation particularly when doing so not only transforms this proceeding into a trial *de novo*, but also renders the federal and state rules governing the disclosure and admission of evidence in due process hearings meaningless." (Dkt. #20 at p. 4).

L.C. also asserts that since LISD has reviewed the Evaluation with the ARD Committee and has expressly disagreed with those findings, the Evaluation could give rise to future due process proceedings between the parties. Therefore, L.C. argues that "[i]t would conserve administrative and judicial resources, as well as the resources of the parties, to address the Evaluation within the contours of the current litigation." (Dkt. #19 at p. 4). In response, LISD

---

[2] LISD argues that the evidence was properly excluded, and thus, L.C. cannot argue that the Evaluation was improperly excluded as grounds for her supplementing the Administrative Record on appeal (Dkt. #20 at p. 5). In support of this assertion, LISD states that the Evaluation was properly excluded under the Texas Administrative Code and the IDEA's implementing regulations, and that the SEHO did not have any discretion in the matter since L.C. failed to disclose the Evaluation and LISD objected to its admission into evidence (Dkt. #20 at p. 5 (citing 34 C.F.R. § 300.512(a)(3))). However, L.C. is not arguing that the Evaluation was improperly excluded. Therefore, the Court will not address this argument at this time.

asserts that "section 1415 does not exist to allow parties to forgo the IDEA's exhaustion requirements." (Dkt. #20 at p. 5). LISD maintains that "[e]ssentially, Plaintiff is requesting that the Court admit [the Evaluation] so that [L.C.] can litigate unknown issues that were not raised in the underlying due process hearing." LISD argues that "the conservation of resources does not trump the IDEA's exhaustion requirement nor provide a basis to admit [the Evaluation]." (Dkt. #20 at p. 5).

As noted above, without specific guidance from the Fifth Court, district courts within the Fifth Circuit, have applied the *Burlington* standard to determine what constitutes permissible "additional evidence." *See T.C. v. Lewisville Indep. Sch. Dist.*, 2015 WL 178979, at *2; *E.C. v. Lewisville Indep. Sch. Dist.*, No. 4:11-CV-00056, 2012 WL 1070131, at *2 (E.D. Tex. Mar. 29, 2012); *S.H. ex rel A.H. v. Plano Indep. Sch. Dist.*, 2009 WL 500180, at *2; *Marc V.*, 455 F. Supp. 2d at 587; *D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d at 616 (S.D. Tex. 2009). Permissible reasons for supplementing the record with additional evidence include "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Town of Burlington v. Dep't of Educ. for Com. of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984), *aff'd sub nom. Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359 (1985).

Accordingly, an Eastern District court has previously found that "Section 1415's requirement that the Court consider additional evidence upon the request of a party does not apply to any evidence that was available or readily discoverable at the time of the administrative hearing." *E.C. v. Lewisville Indep. Sch. Dist.*, 2012 WL 1070131, at *2. Likewise, the *Burlington* factors suggest that the admission of additional evidence is primarily concerned with

remedying issues outside of a plaintiff's control, such as unavailability of a witness or gaps in the administrative transcript owing to mechanical failure. *See T.C. v. Lewisville Indep. Sch. Dist.*, 2015 WL 178979, at *3 n. 1 (citing *Town of Burlington*, 736 F.2d at 790–91). "When a party chooses not to introduce evidence below, whether through oversight or for deliberate, strategic reasons, there is less of a case for admitting the evidence on review." *Id.*; *see Walker Cnty. Sch. Dist. v. Bennett ex rel. Bennett*, 203 F.3d 1293, 1297 (11th Cir. 2000) (permitting previously available evidence to be offered in the district court "would raise the dual concerns of unfairly permitting the parties to reserve their best evidence for trial while essentially converting an administrative review proceeding into a trial *de novo*"); *Brandon H. ex rel. Richard H. v. Kennewick Sch. Dist. No. 17*, 82 F. Supp. 2d 1174, 1183 (E.D. Wash. 2000) (declining to admit additional evidence that was available to the plaintiff at the administrative level where plaintiff "failed to show that he could not have, by due diligence, discovered the information in time to offer it at the hearing").

The Court finds that because the Evaluation was available at the time of the administrative hearing, it does not fall into the "evidence concerning relevant events occurring subsequent to the administrative hearing" category of admissible new evidence described in *Town of Burlington*. 736 F.2d at 790. This is supported by the fact that the Evaluation was excluded at the administrative hearing due to L.C.'s own actions, and that L.C. does not allege that the Evaluation was excluded from evidence for any reason other than her own oversight. Therefore, the Court finds that the Evaluation should not be admitted as new evidence.

## CONCLUSION

It is therefore **ORDERED** that L.C.'s Motion for Admission of New Evidence is hereby **GRANTED IN PART AND DENIED IN PART** and the ARD Documentation (Dkt. #19-2) is admitted as new evidence, while the Evaluation (Dkt. #19-1) is not admitted.

**SIGNED this 16th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE